**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JAHMELIEK MCCONNELL,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO. 5:24-cv-00461-TES** |
| **SONJA ADAMS,** | |
| *Defendant.* | |

**ORDER**

In his Complaint [Doc. 1], pro se Plaintiff Jahmeliek McConnell brings numerous claims against Defendant Sonja Adams related to a search by Adams and other Bibb County Animal Control officers.[1] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2].

**<u>Motion for Leave to Proceed In Forma Pauperis</u>**

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

---

[1] Adams and the other officers also took possession of Plaintiff's dogs. [Doc. 1, p. 2].

all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307. After reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants him IFP status.

## FRIVOLITY SCREENING

### I.    Legal Standard

Since Plaintiff is proceeding *in forma paurperis*, 28 U.S.C. § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[3] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989).

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

## II.    Plaintiff's Complaint

At a minimum, a plaintiff must draft his complaint to comply with the Federal Rules of Civil Procedure's pleading requirements. The Court reviews the sufficiency of Plaintiff's Complaint under Rules 8(a)(2) and Rule 10(b), which work together to serve at least two critical functions. These rules require a plaintiff to "present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985)). They also allow courts to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Id.*

Rule 8(a)(2) requires a plaintiff to draft his complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). Though Rule 8 does not require detailed factual allegations, it requires Plaintiff to provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, for a plaintiff to clear this hurdle, his complaint must make "either direct or inferential allegations respecting all *material* elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

Similarly, Rule 10(b) requires a plaintiff to draft his complaint to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Given the importance of these pleading requirements, "complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. "[C]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). In fact, tolerating a shotgun pleading is akin to "tolerat[ing] obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). Because a district court suffers serious ramifications if it doesn't require a plaintiff to follow the

most basic pleading requirements,[4] a district court has a "supervisory obligation" to direct a plaintiff to better plead his complaint in a manner that complies with federal pleadings requirements. *Hayden v. Wells Fargo Home Mortg.*, No. 1:10-CV-2153-CAP-ECS, 2010 WL 11647492, at *2 (N.D. Ga. Oct 29, 2010); *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (discussing shotgun pleadings as complaints that "fail[] to adequately link a cause of action to its factual predicates").

Thus far, the Eleventh Circuit Court of Appeals has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Id.* However, "the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim

---

[4] *See, e.g., Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard.")).

rests." *Weiland*, 792 F.3d at 1323. The inherent issue with shotgun pleadings is that they require the district court, as well as all named defendants, to "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claims." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11ᵗʰ Cir. 2011).

It is true that Federal Rule of Civil Procedure 8 does not require the use of formal language or legalese or require a party (let alone a non-attorney, pro se party) to cite any specific statute or case law to state a claim. Fed. R. Civ. P. 8. But, a pro se plaintiff is required to conform to the Federal Rules of Civil Procedure. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) ("And although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'"). That includes Rule 8's command that for a pleading to state a claim for relief, it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

As written, Plaintiff's Complaint is currently written in narrative form with no clear delineation of any specific claims tied to any specific facts supporting those claims. Generally, Plaintiff mentions 42 U.S.C. § 1983, the Fourth Amendment, the Fourteenth Amendment, the Equal Protection Clause, illegal search and seizure, and racial discrimination. [Doc. 1, p. 1]. However, Plaintiff's Complaint does not clearly elaborate

on these claims. Accordingly, the Court **ORDERS** Plaintiff to **RECAST** his Complaint to include factual allegations to support each of his claims. To aid in his drafting, the Court encourages Plaintiff to list each legal claim in a separate count and then enumerate the specific factual allegations that support the claim in separate paragraphs following the count.

The Court notes that a recast complaint takes the place of and supersedes the original complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against his adversary."). Thus, the Court will look *only* to the contents of Plaintiff's recast complaint when reviewing his claims. To ensure a clear record, any documents filed along with Plaintiff's original Complaint must be refiled with his recast complaint.

**Plaintiff's recast complaint must be filed by April 25, 2025.** <u>Failure to fully and timely comply with this order **will** result in the dismissal of Plaintiff's case without further warning from the Court.</u> *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 9th day of April, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**