# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAHMELIEK MCCONNELL,**  *Plaintiff*,  v.  **SONJA ADAMS,** *et al.*,  *Defendants.* | **CIVIL ACTION NO.  5:24-cv-00461-TES** |

**ORDER**

In his Recast Complaint [Doc. 5], pro se Plaintiff Jahmeliek McConnell brings numerous claims against Defendants Sonja Adams, Rebecca Galeazzo, Guadalupe Ortiz, and Kenneth Hester[1] related to a search and seizure on November 15, 2024.[2] The Court previously granted Plaintiff's IFP motion, but directed Plaintiff to file a recast complaint to allow the Court to properly screen the filing under 28 U.S.C. § 1915(e). *See* [Doc. 4]. Plaintiff filed his Recast Complaint; therefore, the Court may now screen his pleading according to § 1915(e).

---

[1] The Clerk is **DIRECTED** to **ADD** Rebecca Galeazzo, Guadalupe Ortiz, and Kenneth Hester as parties to this action.

[2] Adams and the other officers also took possession of Plaintiff's dogs. [Doc. 1, p. 2].

**FRIVOLITY SCREENING**

I. **Legal Standard**

Since Plaintiff is proceeding *in forma paurperis*, 28 U.S.C. § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[3] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal

---

[3] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

## II.    Plaintiff's Complaint

Plaintiff alleges that Defendants violated his rights under the Fourth and Fourteenth Amendments via an illegal search and seizure on November 15, 2024. [Doc. 5, p. 4]. According to Plaintiff's Recast Complaint, Investigator Hester, Officers Galeazzo and Ortiz, and Manager Adams—all with Macon-Bibb County Animal Control—searched Plaintiff's room and basement without his consent (and without a warrant) in search of puppies with mange. [*Id.*]. Plaintiff alleges that while the home and property are in Willie Wright's name, he paid rent and utilities for his room and the basement space. [*Id.*]. Wright (who was not home at the time) allegedly gave his consent for the search—but Plaintiff, who was present for the search, objected to the search of his room and the basement space. [*Id.* at p. 5]. Following the search, Defendants seized 18 dogs from the property. [*Id.* at p. 6].

Generally, "searches and seizures without a warrant give rise to a [42 U.S.C.] § 1983 claim for a violation of the Fourth Amendment." *Almond v. Randolph Cnty., Ala.*, 626 F. Supp. 3d 1218, 1228 (M.D. Ala. 2022) (citing *Caniglia v. Strom*, 593 U.S. 194, 198 (2021)). And, paying rent for a room can, under certain circumstances, give that tenant a reasonable expectation of privacy for that space. *United States v. Merricks*, 572 F. App'x 753, 757 (11th Cir. 2014); *United States v. Zarabozo*, 378 F. App'x 939, 941 (11th Cir. 2010); *Georgia v. Randolph*, 547 U.S. 103, 115 (2006).

All things considered, Plaintiff's Recast Complaint plausibly states enough facts,

taken as true, to allege that Defendants, acting under color of state law, searched a space—without a warrant—over which Plaintiff enjoys a reasonable expectation of privacy. *Ashcroft*, 556 U.S. at 678.[4] Obviously, Defendants may rebut Plaintiff's factual allegations, or present affirmative defenses to the claims within Plaintiff's Recast Complaint. But, for today, Plaintiff's Recast Complaint is enough to pass this initial hurdle.

## **CONCLUSION**

Based upon the foregoing, the Court **PERMITS** Plaintiff's claims to proceed for further factual development. Therefore, it is **ORDERED** that service be made on Defendants Sonja Adams, Rebecca Galeazzo, Guadalupe Ortiz, and Kenneth Hester[5] by a United States marshal or deputy marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). Upon service, Defendants may file an answer or other response as may be appropriate under Federal Rule of Civil Procedure 12 or 28 U.S.C. § 1915. Defendants are reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Federal Rule of Civil Procedure 4(d).

---

[4] While Plaintiff may state enough facts to overcome the frivolity screening, the Court makes no assessment of the eventual success of any claims.

[5] Plaintiff lists Defendants' address as the Macon-Bibb County Animal Control at 4214 Fulton Mill Road, Macon, GA 31216. [Doc. 5, p. 2].

## ADDITIONAL DUTIES

I. **Duty to Advise of Address Change**

During the pendency of this action, all parties shall keep the Clerk of Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

II. **Duty to Prosecute Action**

Plaintiff is also advised that he must diligently prosecute this action or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions where appropriate. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

III. **Filings and Service of Pleadings, Motions, and Correspondence**

It is the responsibility of each party to file original pleadings, motions, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any pleadings, motions, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of

each opposing party to serve copies of all pleadings, motions, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## IV. Discovery

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of any defendant. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or such other response as may be appropriate under Federal Rule of Civil Procedure 12 has been filed, the Court will issue its standard Rules 16/26 Order for discovery and other purposes.

## V. Requests for Dismissal and/or Judgment

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.

**SO ORDERED**, this 22nd day of April, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**