IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**JAHMALIEK MCCONNELL,**

*Plaintiff,*

**v.**

**SONJA ADAMS, REBECCA GALEAZZO, GUADALUPE ORTIZ, KENNETH HESTER,**

*Defendants.*

**CIVIL ACTION NO. 5:24-cv-00461-TES**

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION**

Concerned that pro se Plaintiff Jahmaliek McConnell may not be writing his pleadings, Defendants Sonja Adams, Rebecca Galeazzo, Guadalupe Ortiz, and Kenneth Hester sought to take Plaintiff's deposition in-person. When Plaintiff did not show up for the in-person deposition, Defendants filed a Motion to Compel Plaintiff's Deposition. [Doc. 25]. For the following reasons, the Court **GRANTS** Defendants' Motion. [*Id.*].

Plaintiff filed his complaint on December 10, 2024, for actions taken by Animal Services. [Doc. 1]. Plaintiff's claims survived frivolity review and proceeded into discovery, so the Court instructed the parties to file a proposed scheduling/discovery order. [Doc. 6]; [Doc. 19]. The parties did so, setting discovery to end on January 20,

2026. [Doc. 20, p. 3]. Defendants filed a motion for extension of time to complete discovery, and the Court granted it. [Doc. 21]; [Doc. 22]. The new discovery deadline was set for April 20, 2026. [Doc. 22]. Plaintiff's deposition was scheduled for April 16, 2026. [Doc. 23, ¶ 2]. But, Plaintiff requested time to obtain an attorney. [*Id.* at ¶ 3]. So, Defendants moved to amend the scheduling order once again, and the new discovery deadline became June 4, 2026. [Doc. 23]; [Doc. 24].

At some point, Defendants noticed that the language and structure of Plaintiff's Complaint is identical to the language and structure of non-party Willie Wright's answer and counterclaim to Animal Services' cost-of-care petition. [Doc. 25, pp. 2–3]. Defendants also assert that the handwriting in Plaintiff's and Wright's filings match the handwriting of a September 2024 rental agreement drafted by Wright. [*Id.* at p. 3]. Because of these concerns, Defendants sought to take Plaintiff's rescheduled deposition in-person. [*Id.*].

Plaintiff's rescheduled deposition was set for June 3, 2026, in Macon, Georgia. [Doc. 25-6]. Plaintiff stated that he wanted to be deposed via Zoom. [Doc. 25-7, p. 1]. Defendants insisted the deposition be in person. [*Id.*]. Plaintiff then stated that he was in New York and would not attend his deposition. [*Id.*]. He then did not show up.

Defendants are entitled to depose Plaintiff in the forum where he chose to sue—Macon, Georgia. *Hernandez v. Hendrix Produce, Inc.*, 297 F.R.D. 538, 539–40 (S.D. Ga. 2014). To avoid this obligation, Plaintiff must show good cause. *Tsien v. Bd. of Regents of*

*Univ. Sys. of Georgia,*, No. CV 121-008, 2021 WL 6617307, at *1 (S.D. Ga. Nov. 12, 2021). "Mere inconvenience is insufficient." *Id.* Simply put, Plaintiff has not shown good cause to excuse him from an in-person deposition in his own lawsuit. After all, Plaintiff's residence is in Macon, Georgia. [Doc. 1-1]; [Doc. 5, p. 2]. While it may have been inconvenient that Plaintiff was in New York at the time his deposition was scheduled, he did not show that it would be unduly difficult for him to travel back to his residence in Macon and sit for a deposition.

Furthermore, "the district court must 'balance the interests of those requesting the order.'" *Tsien*, 2021 WL 6617307, at *1 (quoting *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011)). Defendants' interest is ensuring that pro se parties are truly pro se. [Doc. 25, pp. 4–5]. This is a sufficient interest to warrant requiring an in-person deposition. *See Franklin v. Garden State Life Ins.*, 462 Fed. App'x. 928, 930 (11th Cir. 2012) ("The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others."); *see also* 28 U.S.C. § 1654 ("in all courts of the United States the parties may plead and conduct their own cases *personally*") (emphasis added); *Jacox v. Dep't of Defense*, No. 5:06-cv-182 (HL), 2007 WL 118102, at *2 (M.D. Ga. Jan. 10, 2007) ("28 U.S.C. § 1654 requires *pro se* litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals."). Accordingly, the Court **GRANTS** Defendants' Motion and **COMPELS** Plaintiff to appear in person for his

deposition when noticed or agreed upon by the parties, but before the end of August. The Court also **EXTENDS** the discovery and dispositive motion deadlines. The new deadline for discovery is ***August 31, 2026***. The new deadline for dispositive motions is ***October 1, 2026***.

Furthermore, the Court warns Plaintiff that his continued failure to comply with the Federal Rules of Civil Procedure could lead to the dismissal of his case. District courts have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)); *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1243 (11th Cir. 2023). One of the many tools courts use to police their dockets is Federal Rule of Civil Procedure 37(b). Rule 37 "provides generally for sanctions against parties or persons unjustifiably resisting discovery," and district courts have broad discretion to control discovery and any potential sanctions for "uncooperative litigants." Fed. R. Civ. P. 37, Notes of Advisory Committee on Rules—1970 Amendment; *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).

"A district court also possesses the power to dismiss an action under [Federal Rule of Civil Procedure] 41(b) for the failure to comply with court orders generally." *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *see Moon*, 863 F.2d at 837 (affirming a district court's order of dismissal for failure to obey an order, noting that the plaintiff's "conduct and

words evidence a refusal to acknowledge the authority of the magistrate [judge] and indicate no willingness to comply with court orders"); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). A court dismissing an action under Rule 41(b) must make two findings: "(1) a clear record of delay or willful contempt; and (2) that lesser sanctions would not suffice." *Haji*, 834 F. App'x at 563 (citing *Goforth*, 766 F.2d at 1535). Willful contempt is more than mere delay; rather, it is willful delay that prolongs the case. *Jacobs v. Clayton Cnty. Solic. Gen. Off.*, 685 F. App'x 824, 826–27 (11th Cir. 2017). Moreover, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837.

Finally, Plaintiff's pro se status does not grant him license to ignore the Federal Rules or court orders, and it does not shield him from the consequences if he fails to comply. *See id.* ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). There is no doubt that "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *Haji*, 834 F. App'x at 563 (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "However, pro se litigants who ignore discovery orders are subject to sanctions like any other litigant." *Id.* (citing *Moon*, 863 F.2d at 837). Plaintiff has already refused to sit for his deposition once. Should he do so again, he

runs a very real risk that the Court could dismiss his case. Plaintiff should heed the Court's warning.

In sum, the Court **GRANTS** Defendants' Motion and **COMPELS** Plaintiff to appear in person for his deposition on a date agreeable to the parties before the end of August or when properly noticed. The Court **EXTENDS** the discovery deadline to ***August 31, 2026***, and the dispositive motion deadline to ***October 1, 2026***.

**SO ORDERED**, this 4th day of August, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT COURT**