**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JAHMALIEK MCCONNELL,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**SONJA ADAMS,** ***et al.,***<br><br>***Defendants.*** | **CIVIL ACTION NO.**<br>**5:24-cv-00461-TES** |

**ORDER**

On December 10, 2024, pro se Plaintiff Jahmeliek McConnell filed a complaint bringing myriad claims against Defendants Sonja Adams, Rebecca Galeazzo, Guadalupe Ortiz, and Kenneth Hester, all related to actions taken that November. [Doc. 1]. Plaintiff's claims survived frivolity review and proceeded into discovery; so, the Court instructed the parties to file a proposed scheduling/discovery order. [Doc. 6]; [Doc. 19]. They did. [Doc. 20]. The Court issued the order on July 24, 2025. [*Id.*].

Ever since that first scheduling order, discovery has been long and troublesome. Following Plaintiff's failure to obey this Court's order compelling discovery—his second failure to appear for his deposition—Defendants moved to request that this Court find dismiss his action with prejudice. [Doc. 28]. This Court now carefully considers and grants Defendants' motion.

**A. Procedural Background**

Plaintiff filed his complaint on December 10, 2024, [Doc. 1]. This Court first issued a scheduling and discovery order on July 24, 2025, ordering discovery to be complete by January 20, 2026. [Doc. 20].

This case never got its discovery legs under it and has aimlessly floundered about. First, pursuant to Defendants' motion, this Court amended its discovery order, extending discovery to April 20, 2026. [Doc. 22]. At that point in the case, Plaintiff's deposition was scheduled for April 16, 2026. [Doc. 23, ¶ 2]. But, because Plaintiff requested time to obtain an attorney, [*Id.* at ¶ 3], Defendants moved to amend the scheduling order again. [Doc. 23]. Granting their motion, the Court again extended discovery, ordering that it be complete by June 4, 2026. [Doc. 24].

But even this second extension proved insufficient. Concerned that Plaintiff may not be writing his pleadings,[1] Defendants set out to take his deposition in person, instead of virtually. [Doc. 25]. When Plaintiff refused to be deposed in person and did not show up for his June 3, 2026, deposition, Defendants filed a motion to compel his in-person deposition in the forum where he chose to sue—Macon, Georgia. [*Id.*]. On August 4, 2026, this Court granted that motion. [Doc. 27]. The Court compelled Plaintiff

[1] Defendants' concerns were not without reason. They noticed that the language and structure of Plaintiff's complaint were apparently identical to the language and structure of non-party Willie Wright's answer and counterclaim to Animal Services' cost-of-care petition, [Doc. 25, pp. 2–3], and Defendants asserted that the handwriting in Plaintiff's and Wright's filings both matched the handwriting of a rental agreement drafted by Wright. [*Id.* at p. 3].

to "appear in person for his deposition on a date agreeable to the parties before the end of August or when properly noticed" and extended the discovery deadline—yet again—to August 31, 2026. [*Id.*].

For the second time, Plaintiff refused to be deposed. [Doc. 28, p. 2]. Defendants sent Plaintiff a notice rescheduling his deposition for August 27, 2026. [*Id.*]. This time, Plaintiff went to defense counsel's office to be deposed. [*Id.*]. However, he brought his mother, Tiffani Blash. [*Id.*]. Ms. Blash is neither a party to this action nor a lawyer. Defense counsel explained to Plaintiff that—despite his mom's insistence she be allowed to attend the deposition with her grown son—he could not have his mother in the room during the deposition. Plaintiff refused to be deposed without his mother and left the building. [*Id.*]. The court reporter issued a Certificate of Non-Appearance to defense counsel. [*Id.*]; [Doc. 28-5].

It is important to recall that the Court has recently and repetitively warned Plaintiff that continued flouting of the rules would result in dismissal of his case. *See, e.g.*, [Doc. 27, pp. 5–6]. He was specifically warned that, although courts show leniency to pro se litigants, pro se litigants who ignore discovery orders are subject to sanctions like any other litigant. He was told in no uncertain terms that "[s]hould he [refuse to sit for his deposition] again, he runs a very real risk that the Court could dismiss his case." [*Id.*]. Plaintiff was told he "should heed the Court's warning." [*Id.* at p. 6].

Defendants now request that this Court find Plaintiff in contempt of court for twice failing to appear for his noticed deposition and for his failure to obey a court order compelling discovery. [Doc. 28]. They also request that this Court dismiss Plaintiff's action with prejudice. [*Id.*].

**B. Motion to Dismiss**

The Federal Rules of Civil Procedure grant courts wide discretion to dismiss an action where the "plaintiff fails to . . . comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Rules also—separately—state that, when the district court where a deposition is to be taken issues an order compelling a deposition, failure to obey the order constitutes contempt of court, Fed. R. Civ. P. 37(b)(1), upon which the court may dismiss the plaintiff's action. Fed. R. Civ. P. 37(b)(2).

Indeed, the "power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 526, 630–31 (1962)). This type of broad discretion is warranted to ensure that a court is empowered to "manage its docket with a view toward the efficient and expedient resolution of cases[.]" *Dietz v. Bouldin*, 579 U.S. 40, 41 (2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Dismissal under Rule 41(b) is appropriate where there is a "clear record of 'willful' contempt and [a finding] that lesser sanctions would not suffice." *Gratton v.*

*Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 1999) (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Willful contempt is more than mere delay; rather, it is willful delay that prolongs the case. *Jacobs v. Clayton Cnty. Solic. Gen. Off.*, 685 F. App'x 824, 826–27 (11th Cir. 2017). Additionally, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is [within the court's discretion]." *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *see also Lyle v. BASF Chemistry, Inc.*, 802 F. App'x 479 (11th Cir. 2020); *Jenkins v. Sec. Eng'rs, Inc.*, 798 F. App'x 362 (11th Cir. 2019).

Rule 37(b)(2), meanwhile, "provides generally for sanctions against parties or persons unjustifiably resisting discovery," and district courts have broad discretion to control discovery and any potential sanctions for "uncooperative litigants." Fed. R. Civ. P. 37, *Notes of Advisory Committee on Rules—1970 Amendment*; *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). The rule specifically permits sanctions against a party who fails to attend his own deposition, up to and including dismissal of the action. Fed. R. Civ. P. 37(d) (providing that "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)," where Rule 37(b)(2)(A)(v) permits "dismissing the action or proceeding in whole or in part").

Here, Plaintiff's repeated refusal to appear for his own deposition in the county where he brought this claim demonstrates the appropriateness of dismissal as a sanction pursuant to Rule 37. Plaintiff's refusal to sit for his deposition clearly and

obviously prejudices Defendants' ability to defend against his claims: exactly the sort of problem Rule 37 sanctions are intended to prevent. *Gratton*, 178 F.3d at 1374 ("Rule 37 sanctions are intended to prevent unfair prejudice to litigants and [e]nsure the integrity of the discovery process.").

Dismissal is also appropriate under Rule 41(b).[2] Here, there is a clear record of Plaintiff's willful contempt, and lesser sanctions will not suffice. Plaintiff blatantly refused to obey this Court's order to appear for his in-person deposition. Although he physically appeared at defense counsel's office, he immediately left before the deposition could begin when told he could not have his mother—a non-attorney and non-party—in the room with him.

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially when the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's status as a pro se litigant doesn't grant him a license to ignore the court's rules and orders; nor does it shield him from the consequences of his failure to comply. The Eleventh Circuit

---

[2] Defendants do not request, in their motion, for this Court to dismiss under Rule 41(b). *See* [Doc. 28]. However, the Court retains the ultimate authority to control its own docket, and may *sua sponte* consider dismissal under this rule in addition to considering the cited Rule 37(b). *See Brutus v. Internal Revenue Serv.*, 393 Fed. App'x 682, 683 (11th Cir. 2010) (holding that a pro se plaintiff's failure to comply with a court order warranted *sua sponte* dismissal of his action under Fed. R. Civ. P. 41(b), and that the district court did not abuse its discretion by opting to so dismiss); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may, in general, *sua sponte* dismiss a case under Rule 41(b) in circumstances that would otherwise justify dismissal on motion by a party). Because Plaintiff not only failed to cooperate in discovery, but also failed to follow a court order, the Court discusses both grounds for potential dismissal of his action.

has consistently held that even pro se litigants must "conform to procedural rules," just like parties with counsel. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). And, since a pro se litigant has necessarily chosen to act as his own lawyer, he "is and should be subject to sanctions like any other litigant." *Moon*, 863 F.2d at 837. Eleventh Circuit precedent is clear: if a pro se litigant does not follow the commands of court orders and rules of procedure, dismissal is appropriate. *See McIntosh v. Gauthier*, 182 F. App'x 884 (11th Cir. 2006); *Birdette v. Saxon Mortg.*, 502 F. App'x 839 (11th Cir. 2012); *Brutus v. IRS*, 393 F. App'x 682 (11th Cir. 2010); *Novero v. Duke Energy*, 753 F. App'x 759 (11th Cir. 2018).

The Court has patiently and consistently tried to get Plaintiff to properly participate in his own case. Now, considering the course of litigation and Plaintiff's refusal to participate in discovery or obey court orders, the Court is left with the firm and clear conviction that no other sanction will suffice. The rules of litigation seek to provide the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This case is among those extreme circumstances where dismissal is not only warranted, but mandated and appropriate.

### C. Conclusion

Based upon the foregoing, the Court exercises its considerable discretion and **GRANTS** the Defendants' request for dismissal as a sanction pursuant to Rule 37 and **DISMISSES** this action **with prejudice** pursuant to Rule 37 and Rule 41. The Clerk of

Court is **DIRECTED** to enter judgment accordingly and **CLOSE** this case.

**SO ORDERED**, this 15th day of October, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT COURT**